# IN THE COURT OF APPEALS OF IOWA

No. 14-0928
Filed July 22, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRETT OLIVER ROSEDALE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Grundy County, Joel A. Dalrymple,

Judge.


        Brett Rosedale appeals following judgment and sentence imposed upon

his conviction for operating while intoxicated. **AFFIRMED.**


        Barry S. Kaplan of Kaplan & Frese, L.L.P., Marshalltown, for appellant.

        Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney

General, and Erika Allen, County Attorney, for appellee.


        Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DANILSON, C.J.**

Brett Rosedale appeals following judgment and sentence imposed upon his conviction for operating while intoxicated (OWI). He contends there is insufficient evidence to support the conviction. He also asserts the district court erred in denying his motions in arrest of judgment and for new trial based on ineffective assistance of trial counsel. Upon review, we conclude there is sufficient evidence to support the conviction and the district court did not err in denying Rosedale's motions and affirm.

**I. Background Facts.**

On October 7, 2013, Rosedale was charged by trial information with operating while intoxicated, first offense.

A jury trial was held on December 18 and 19. At trial, Tyrell Bjelland testified he had gone to a bar and had been drinking for several hours before he called Rosedale for a ride and "woke him up." Rosedale came to get him, coming into the bar for a few minutes. Bjelland testified that Rosedale did not drink anything while there and did not appear intoxicated. Bjelland testified he may have spilled a drink on Rosedale because "we roughhouse a lot."

Deputy Sheriff Nathan Stahl testified that at about 12:30 a.m. on August 27, 2013, he followed a motorist who was traveling seventy-three miles per hour in a fifty-five mile-per-hour zone. Deputy Stahl testified that after turning on the flashing lights of his marked squad car, the vehicle did not pull over for a mile or a mile and a quarter. Deputy Stahl stated that when he made contact with the driver of the vehicle he noticed a "very strong smell" of alcoholic coming from the vehicle. The squad car dash camera video shows Deputy Stahl

stepping back and exclaiming about the smell. The driver, Rosedale, stated his passenger (Bjelland) was intoxicated. Deputy Stahl had Rosedale step out of the vehicle. He asked Rosedale several times if Rosedale had been drinking—without any answer from Rosedale. Eventually Rosedale said he had not been drinking, that he had driven to Eldora to pick up his intoxicated friend, and he was giving him a ride. Deputy Stahl accompanied Rosedale back to his squad car, where he continued to detect a "moderate" odor of alcoholic beverages.

Deputy Stahl conducted field sobriety tests with Rosedale, who scored six of six possible clues on the horizontal gaze nystagmus test, which Deputy Stahl testified indicated impairment. Rosedale scored three clues on the walk-and-turn test, which indicated impairment. And he scored two clues on the one-leg-stand test, which indicated impairment. Finally, Deputy Stahl asked Rosedale to perform a preliminary breath test, but Rosedale refused. Based on his observations and experience, Deputy Stahl concluded Rosedale was intoxicated.

Deputy Stahl arrested Rosedale and transported him to the county law enforcement center. The deputy read the implied consent advisory, gave Rosedale the opportunity to contact an attorney or family member, and requested a breath specimen for the Datamaster. Rosedale refused to submit to chemical testing.

The jury was shown the video from Deputy Stahl's squad car, as well as the video from the booking process. Deputy Stahl then testified. The prosecutor asked, "[I]s there a typical drunk driver?" Deputy Stahl began to talk about another traffic stop he had made and during which he conducted field sobriety

tests. Defense counsel interrupted with relevancy objections to further questions, which were sustained.

The jury convicted Rosedale of OWI. Rosedale, represented by new counsel, filed motions in arrest of judgment, for judgment of acquittal, and for new trial, asserting there was insufficient evidence to sustain the conviction and trial counsel was ineffective due to defense counsel's physical health problems, which "might be neurological."

A hearing was held with respect to the ineffectiveness claim. Former defense counsel testified he was ill on the first day of trial with a diabetic foot infection. In addition to a low-grade fever from the infection, the attorney stated he had "nerve problems" he described as spinal stenosis and nerve damage that manifested as uncontrollable shaking. After trial, the attorney sought treatment because he thought "there's something going on," but he had not yet received any final diagnosis. He explained, "I just don't think I was with it." The court rejected the claim, stating counsel did "a fine job" and the defendant was not denied a fair trial.

The court overruled Rosedale's posttrial motions, and Rosedale appeals.

## II. Scope and Standards of Review.

We review sufficiency-of-the-evidence claims for correction of errors at law. *State v. Showens*, 845 N.W.2d 436, 439 (Iowa 2014).

> In reviewing challenges to the sufficiency of evidence supporting a guilty verdict, courts consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence. We will uphold a verdict if substantial record evidence supports it.

*State v. Romer*, 832 N.W.2d 169, 174 (Iowa 2013) (citation and internal quotation marks omitted).

We review claims of ineffective assistance de novo because they involve the constitutional right to counsel. *Showens*, 845 N.W.2d at 440.

### III. Discussion.

*A. Sufficiency of the evidence.* Viewing the evidence in the light most favorable to upholding the verdict, *see Romer*, 832 N.W.2d at 174, we conclude there is substantial evidence supporting the conviction. Rosedale was operating a motor vehicle at a high rate of speed when Deputy Stahl stopped him. The deputy opined that Rosedale smelled of alcoholic beverages and had Rosedale perform various field sobriety tests. Deputy Stahl testified that Rosedale failed field sobriety tests and exhibited evasive behavior. The jury had the opportunity to view the squad car dash camera video, as we have on appeal. We conclude the evidence was sufficient to convince a reasonable jury of Rosedale's guilt and the district court did not err in denying the motion for judgment of acquittal.

*B. Ineffectiveness claim.* To prevail on his claim of ineffective assistance of counsel, Rosedale must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted. *See State v. Ross,* 845 N.W.2d 692, 697–98 (Iowa 2014) (citing *Strickland v. Washington,* 466 U.S. 668, 694 (1984)). Former counsel opined he was "not functioning the way I have before . . . mentally and physically." He stated, "I don't have any specifics necessarily and I haven't been fully worked up [with medical testing] at this point." The trial court found former defense counsel performed adequately. Under the record before us, we cannot say that Rosedale has carried his burden to show, by a preponderance of the

evidence, that counsel's performance included "such serious errors" that he was "not functioning as the advocate the Sixth Amendment guarantees."[1]  *See Ross*, 845 N.W.2d at 698.

   **AFFIRMED.**

---

[1] Our ruling does not preclude the defendant from raising the issue of counsel's effectiveness in possible postconviction proceedings should counsel's "full work up" reveal specific impairment.